STATE of Iowa, Appellee,

v.

Richard Edward WEIDNER, Appellant.

No. 87–251.

Supreme Court of Iowa.

Jan. 20, 1988.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., Ames, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

CARTER, Justice.

This appeal involves the admissibility in a criminal prosecution of blood alcohol results obtained by certification of a licensed physician that the person is unconscious or otherwise in a condition incapable of consent or refusal. The district court, relying on Iowa Code section 321B.11 (1985), admitted evidence of a chemical test of defendant's blood based upon such a certification. Defendant was convicted of two counts of involuntary manslaughter and one count of operating a motor vehicle while intoxicated. He has appealed those judgments and assigns as error the admission of the challenged blood test. Upon our review of the record, we affirm the judgments of the district court.

On June 27, 1986, defendant was involved in an automobile accident in which two people were killed. Eyewitnesses testified to observing him driving erratically at a high rate of speed on Second Avenue in the city of Des Moines, running through a red light, and colliding with the vehicle in which the victims were riding.

Because defendant himself sustained serious injuries in the accident, he was taken to a hospital. There the Polk County Medical Examiner, a licensed physician, certified that he was semi-conscious and incapable of giving consent or refusal to an extraction of blood. Based upon that certification, the Des Moines police officer made a written request for a specimen of defendant's blood. That request resulted in obtaining a specimen which was chemically analyzed. The results, showing a blood alcohol level of .166, were used in the resulting criminal prosecution.

The district court held a suppression hearing on the admissibility of the chemical results. Defendant contended that the certificate of the licensed physician indicating his inability to consent or refuse inaccurately portrayed his condition at the time the test was taken. He claims that he was in fact conscious, alert and oriented at the time. The medical examiner testified that defendant was semi-conscious and unable to give consent. An emergency room nurse testified that, in her opinion, defendant was beginning to come out of his unconsciousness at or about the time of his admission to the hospital. She indicated that she had charted him as "talking to us, drowsy but remained oriented." The district court determined that the conditions for a withdrawal of blood pursuant to section 321B.11 had been established by the State and admitted the test results in evidence at defendant's trial.

■ In seeking to sustain the judgments of conviction, the State urges that the physician's certification is conclusive as to its entitlement to obtain the blood test and may not be defeated by the presentation of conflicting evidence. We cannot go this far in our interpretation of section 321B.11. The declarative words "the test may be given" are preceded by the words "any person who is dead, unconscious or who is otherwise in a condition rendering the person incapable of consent or refusal is deemed not to have withdrawn the consent provided by section 321B.4." We think it is essential in order for the test to be validly obtained under this statute that the conditions authorizing withdrawal of blood in fact be shown to have existed. *See Mary v. Iowa Dep't of Transp.*, 382 N.W.2d 128, 132 (Iowa 1986). Although the required certificate is strong evidence that this is the case, it is not conclusive evidence.

In the alternative, the State urges that, even if the licensed physician's certificate may be controverted by other evidence, any factual issue which defendant has raised in the present case was resolved in the State's favor by the district court. It further contends that, because the district court's determination of that factual issue is sup-

ported by substantial evidence, the underlying factual determination on the evidentiary issue must be upheld on appeal.

Our review of the record suggests that the State is correct on the latter point. The issue was one of preliminary fact which the court was required to resolve before ultimately deciding on the admissibility of the challenged evidence. Under Iowa Rule of Evidence 104, these are of two types: those which require the court to make a specific finding concerning the requisite condition for admissibility (rule 104(a)), and those which only require the introduction of preliminary evidence from which the trier of fact could, but need not, find the fulfillment of the conditions for admissibility (rule 104(b)). The distinction is discussed at length in *McCormick on Evidence*, § 1, at 22–25 (Cleary ed. 1972). *See also State v. Holderness*, 293 N.W.2d 226, 230 (Iowa 1980). We conclude that under rule 104 the present evidentiary issue falls in the former category and required the court to find the facts upon which the admissibility of the evidence was made to depend. Although that finding was stated in conclusory form, it sufficiently reveals the intention of the court to adopt the views of the medical examiner concerning the required incapacity.

 Although the medical examiner's conclusions concerning defendant's capability of consenting to the test were challenged, there was substantial evidence to support the district court's finding that the certificate correctly reflected his incapability of so doing. Findings of fact by the court on preliminary evidentiary issues must be sustained if supported by substantial evidence. *State v. Florie*, 411 N.W.2d 689, 695 (Iowa 1987). We have considered all arguments presented and find no basis for overturning the judgments of the district court.

AFFIRMED.