STATE of Iowa, Appellee,

v.

Gerald W. LAUGHRIDGE, Appellant.

No. 87–1484.

Supreme Court of Iowa.

March 22, 1989.

Lowell H. Forte, Cedar Rapids, and Jerry Zimmerman, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal, we address the admissibility in a criminal prosecution of a blood alcohol test result obtained after a licensed physician certified that the defendant was in a condition rendering him incapable of consent or refusal. We vacate the decision of the court of appeals and affirm the judgment of the district court.

I. On June 20, 1987, a deputy sheriff observed Gerald W. Laughridge traveling at seventy-two miles per hour in a fifty-five mile per hour zone. The deputy sheriff stopped Laughridge and, after initial observation, administered preliminary sobriety tests as well as a preliminary breath test. Laughridge was then arrested for operating a motor vehicle while intoxicated. After his arrest, Laughridge complained of chest pains and, at his request, was taken to a hospital by ambulance.

While Laughridge was at the hospital, the arresting officer made three attempts to advise him of his right to consent or refuse to submit to the withdrawal of a blood specimen. On each attempt, Laughridge complained of pain and turned away without answering the officer. After several attempts to communicate with Laughridge, the officer requested the examining physician in the emergency room to make a determination of whether Laughridge was capable of giving consent to or refusing a blood test.

The doctor was provided with a "CERTIFICATION OF LICENSED PHYSICIAN" form. This form included a certification that the physician found Laughridge either "dead, unconscious, or otherwise in a condition rendering him/her incapable of consent or refusal," or that the physician found "such person to appear coherent, capable of understanding and answering questions, and in a condition to consent or refuse the requests made by the peace officer." The doctor concluded that Laughridge was incapable of refusing or consenting to a blood test and certified his finding. The doctor then secured a blood sample which, when tested, revealed an alcohol concentration of .15.

Laughridge moved to suppress the blood test results on the ground that there was no evidence to support the doctor's certification that he was incapable of consent or refusal. The district court denied the suppression motion. Laughridge waived his right to a jury trial. At trial he stipulated the minutes of testimony that accompanied the trial information were true and the court could use them as a basis for making its decision. The court found him guilty of the crime charged and entered its judgment and sentence.

Laughridge appealed this conviction by challenging the trial court's denial of the motion to suppress the results of the blood test. He argued that he was capable of giving consent and the doctor incorrectly determined that he was not. The case was transferred to the court of appeals which reversed the conviction. It concluded the physician had mistakenly certified Laughridge was incapable of consent or refusal. We then granted the State's application for further review.

II. As a part of a program to deter intoxicated persons from driving, Iowa enacted in 1963 an "implied consent" law. 1963 Iowa Acts ch. 114, §§ 39 & 41 (codified as amended in Iowa Code §§ 321J.6–.9 (1987)). Under this statute, any person who operates a motor vehicle in this state is deemed to have given consent to the withdrawal of specimens of the person's blood, breath or urine and to a chemical

test for the purpose of determining alcoholic concentration. Iowa Code § 321J.6. The withdrawal and testing of the body substance is administered upon the written request of a peace officer. Iowa Code § 321J.6. A peace officer shall advise a person of the right to refuse and the consequences of refusal or consent when requesting the withdrawal of a body substance. Iowa Code § 321J.9. A person who is dead, unconscious, or otherwise in a condition rendering the person incapable of consent or refusal is deemed not to have withdrawn consent and the test may be given if a licensed physician so certifies. Iowa Code § 321J.7. The right of an arrested motorist to refuse chemical testing is not mandated by the Constitution, but is "simply a matter of grace bestowed by the ... legislature." *South Dakota v. Neville,* 459 U.S. 553, 565, 103 S.Ct. 916, 924, 74 L.Ed.2d 748, 760 (1983); *State v. Hitchens,* 294 N.W.2d 686, 687 (Iowa 1980).

Laughridge urged the physician mistakenly certified he was incapable of consent or refusal. He argues his refusal to answer questions should have been considered by the peace officer as a refusal to provide a blood specimen. He asks that we construe Iowa Code section 321J.7 narrowly.

We addressed a similar issue in *State v. Weidner,* 418 N.W.2d 47 (Iowa 1988). In *Weidner,* we held that the conditions authorizing withdrawal of blood under Iowa Code section 321J.7 must be shown to exist in order for the test to be validly obtained. *Id.* at 47. We stated that a physician's certificate is strong evidence that the conditions authorizing the chemical testing existed, however, the certification in itself is not conclusive evidence.

■ In ruling on the motion to suppress, the trial court was required to find the facts upon which the admissibility of the evidence was to depend. *See Weidner,* 418 N.W.2d at 49; *see also* Iowa R.Evid. 104(b). The trial court makes this determination based on the preponderance of the evidence. *See State v. Florie,* 411 N.W.2d 689, 695 (Iowa 1987). On appeal, we will uphold the trial court's ruling on the mo-

tion to suppress if there is substantial evidence in the record to support the finding of fact that it was more likely than not that Laughridge was incapable of consenting or refusing a blood test. *See Weidner,* 418 N.W.2d at 49; *Florie,* 411 N.W.2d at 695–96. We will not reverse the trial court's ruling on the basis that the evidence is disputed, or that the trial court could have reached the opposite conclusion. *Weidner,* 418 N.W.2d at 47. The trial court's ruling will only be set aside if there is no substantial evidence to support its finding.

■ III. The district court findings of fact sufficiently reveal the intention of the court to adopt the views of the certifying physician concerning Laughridge's capacity. The court's finding is supported by substantial evidence.

In support of the certification of the licensed physician we consider the circumstances that immediately preceded the certification. Laughridge arrived at the hospital at approximately 12:15 a.m. He was unable to answer simple questions asked of him by the emergency room nurse. While he was examined by the physician, he was unable to answer the doctor's questions, although he appeared to understand what was said. He was in obvious pain, clutching the side of his chest. The physician observed that Laughridge was unable to respond to three separate implied consent advisories. The physician testified that although he believed Laughridge was capable of uttering the words yes or no, he did not believe Laughridge would be able to understand the consequences of consenting or refusing a blood test. The physician then certified his opinion at 12:30 a.m. and proceeded to withdraw a blood sample.

The fact that Laughridge then began to talk with the doctor and even express a willingness to have a blood sample taken after his x-rays were taken does not alter the validity of the certification previously made.

IV. Our review of the record demonstrates substantial evidence to support the trial court's ruling on the admissibility of the results of the blood test. We will not second-guess a good faith medical opinion

rendered by a licensed physician faced with a close decision. The decision of the court of appeals is vacated. Judgment of the district court is affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.