STATE of Iowa, Appellee,

v.

**Walter Duane AXLINE, Appellant.**

No. 88–755.

Supreme Court of Iowa.

Jan. 24, 1990.

Raymond Rogers, Appellate Defender, and James F. Whalen and Ahmet Gonlubol, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., Brent D. Heeren, County Atty., and Richard R. Vander Mey, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Walter Axline was convicted and sentenced for vehicular homicide, Iowa Code § 707.6A (1987), and operating while intoxicated (OWI), Iowa Code § 321J.2. He appealed on the grounds that (1) the court erred in refusing to suppress his blood test results, (2) he was denied effective assistance of counsel, and (3) the court erred in sentencing him on both the vehicular homicide and OWI convictions. (The State has conceded error on the last issue.) The court of appeals, on a divided vote, reversed on the first ground. On further review, we vacate the court of appeals decision and affirm the district court sentence for vehicular homicide, remanding for resentencing to eliminate the separate sentence for OWI.

The facts are not disputed. Axline was the driver of a car which left the road and turned over, killing a passenger. Officers and a doctor on the scene detected an odor of alcohol about Axline. Axline was taken to a hospital in Marshalltown, where a sheriff's deputy attempted to take a blood sample for alcohol analysis. One of the doctors attending to Axline refused permission for the deputy to see Axline and, pursuant to Iowa Code section 321J.7, certified that Axline was incapable of giving or refusing consent to the withdrawal of his blood. The blood sample was then taken.

## I. *The Blood Test.*

Iowa Code section 321J.7 (1987) provides:

A person who is dead, unconscious, or otherwise in a condition rendering the person incapable of consent or refusal is deemed not to have withdrawn the [implied] consent provided by section 321J.6 [to test specimens of blood for alcohol concentration], and the test may be given if a licensed physician certifies in advance of the test that the person is dead, unconscious, or otherwise in a condition rendering that person incapable of consent or refusal.

Pursuant to section 321J.7, and on the strength of the doctor's certification of Axline's inability to consent or refuse, the officers requested and received through the doctors a sample of blood.

The sample was withdrawn approximately two hours after the accident. Analysis of the sample indicated an alcohol level of .077, which was interpolated by the State's evidence to mean that Axline had an alcohol level of .115 to .120 at the time of the accident. Driving with an alcohol level of .100 constitutes OWI under Iowa Code section 321J.2(1)(b).

The State charged Axline with homicide by vehicle under Iowa Code section 707.6A and OWI under section 321J.2. The district court denied Axline's motion to suppress the blood test results and allowed the introduction of the results at trial, over Axline's objection that the withdrawal of the blood sample was improper. He contended that the evidence showed he was not in fact "dead, unconscious, or otherwise in a condition rendering [him] incapable of consent or refusal" under section 321J.7.

The rule for appellate review is that we

will uphold the trial court's ruling on the motion to suppress if there is substantial evidence in the record to support the finding of fact that it was more likely than not that [the defendant] was incapable of consenting or refusing a blood test. We will not reverse the trial court's ruling on the basis that the evi-

dence is disputed, or that the trial court could have reached the opposite conclusion. The trial court's ruling will only be set aside if there is no substantial evidence to support its finding.

*State v. Laughridge,* 437 N.W.2d 570, 572 (Iowa 1989).

■ We have held that a physician's certification of incapacity is not conclusive, however, it is "strong evidence" of that fact. *State v. Weidner,* 418 N.W.2d 47, 48 (Iowa 1988). Considerable deference should be given to a trial court's factual findings, and they must be sustained if supported by substantial evidence. *Id.* at 49.

In this case, the trial court found that "unrebutted medical evidence indicate[d] that permitting the defendant to be subjected to the implied consent procedure would have been detrimental to his condition." Supporting the trial court's findings are the following facts: The accident occurred at approximately 9:30 to 9:45 p.m. Dr. Dennis Mallory, the Tama County medical examiner, was called to the scene at approximately 10:00 p.m. He examined the body of Axline's passenger and pronounced him dead. He also examined the defendant at the scene, finding him to be excited and somewhat uncooperative. Dr. Mallory determined that Axline had suffered multiple blunt trauma to his chest and abdomen and

feared that he was experiencing severe internal hemorrhaging and shock. The doctor began an intravenous drip and administered oxygen. Axline was placed in an ambulance to be taken to the hospital. Dr. Mallory called ahead and requested that a trauma surgeon meet the ambulance at the hospital. When Axline arrived at the hospital shortly after 11:00 p.m., a trauma doctor, Dr. Kolinsky, began treating him. X rays were taken to determine the extent of any spinal injury and a peritoneal tap was used to assess the extent of any internal bleeding.

While these proceedings were in progress, Dr. Mallory asked a sheriff's deputy, Myron Obereu, whether Obereu was there to request Axline's consent for a blood test. Obereu said that he was. Dr. Mallory said that Axline was "in no shape to understand or give consent." At Obereu's request, Dr. Mallory completed a certification for withdrawal of the blood sample which stated that he was a licensed physician and that he was called on to withdraw body substances from Walter Axline to determine the alcohol content of his blood. The form included a blank for the physician to give details as to why he thought the subject was incapable of completing the implied consent proceeding. This part of the form provided:

I do further certify that I now find that such person

is ———————————————————

(DEAD, UNCONSCIOUS, OR OTHERWISE IN A

___ critically injured in an accident [handwritten] ___

CONDITION RENDERING HIM INCAPABLE OF CONSENT OR REFUSAL)

and that I shall withdraw a specimen of (his) (her) blood under the provisions of Chapter 321J.7 Code of Iowa.

/s/ ———————————————————

(NAME OF LICENSED PHYSICIAN)

Toledo [handwritten] ———————————————————

(ADDRESS)

Attending physician [handwritten]

At the trial, Dr. Mallory reinforced the view expressed by his certificate, testifying that he did not believe at the time that Axline was physically or mentally able to respond to the questioning involved or to understand his rights under the implied consent procedure.

Despite the certification by the doctor and the trial testimony, Axline argues that the evidence is undisputed that he was conscious, awake, and responsive to questions. Moreover, he claims, his condition was stable upon arrival at the hospital emergency room.

Without elaborating on the evidence, we simply observe that the blood test rulings were sufficiently supported by the record. The court found that, even though Axline was conscious at the time, he was nevertheless in a condition rendering him incapable of giving or refusing consent. This is not necessarily inconsistent with Axline's evidence that he was conscious, awake, and responsive to questions. While the evidence relied on by Axline would justify a different conclusion by the trial court, it found otherwise. Under our standard of review, we conclude that the trial court's order denying suppression was supported by substantial evidence and therefore affirm on that issue.

## II. *Other Issues.*

Axline also argues that the court erroneously failed to instruct the jury that OWI was an included offense in the charge of vehicular homicide and also that it was error to sentence him on both the vehicular homicide and the included offense of OWI.

 Axline's trial counsel (not his counsel on appeal) did not object to the court's failure to instruct on OWI as an included offense. Axline argues that we should nevertheless consider the issue, because his trial counsel was ineffective in failing to preserve it for appeal. We decline to do so on direct appeal, however, because the record is not complete on this issue. There might have been a strategic reason for trial counsel's failure to request the included offense instruction, perhaps operating under an all-or-nothing theory. Axline's trial counsel should be given an opportunity to explain his failure to raise the included-offense issue. In any event, ineffectiveness of counsel is an issue which is ordinarily better suited for postconviction proceedings under Iowa Code chapter 663A because a better record can be made in the context of such an action. *See State v. Rawlings*, 402 N.W.2d 406, 408 (Iowa 1987).

In regard to the sentencing error, the State concedes that it was error to sentence Axline on both counts. Accordingly, we vacate that part of the sentence which imposes a separate sentence for the offense of OWI and in all other respects affirm the judgment and sentence of the district court. We remand for resentencing for vehicular homicide.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR ENTRY OF CORRECTED SENTENCE.