**Gerald L. HAFITS, Appellee,**

v.

**IOWA DEPARTMENT OF TRANS-
PORTATION, MOTOR VEHI-
CLE DIVISION, Appellant.**

No. 98–1604.

Supreme Court of Iowa.

Jan. 20, 2000.

Rehearing Denied Feb. 11, 2000.*

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek, Assistant Attorney General, for appellant.

Robert B. Deck of Deck & Deck, Sioux City, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

LARSON, Justice.

The Iowa Department of Transportation (DOT) revoked the driver's license of Gerald L. Hafits under Iowa Code section 321J.12 (1997) for driving with blood alcohol above .10. On judicial review, the district court reversed, ruling that the revocation was not supported by substantial evidence. We reverse and remand.

I. *Facts and Prior Proceedings.*

Hafits was involved in a one-vehicle accident when his truck went off a retaining wall and caught fire. Emergency personnel who responded to the scene described Hafits as being "conscious, alert, [and] orientated x3." This means they felt he was fully alert. A doctor at the hospital, however, had a different view. The doctor concluded Hafits was intoxicated and certified he was incapable of making a decision consenting to or refusing a blood test. *See* Iowa Code § 321J.7. A test was taken revealing a blood alcohol of .193, nearly double the legal limit of .10. *See* Iowa Code § 321J.2. The DOT revoked Hafits' license for 180 days, an administrative law judge sustained the revocation, and on administrative appeal, the DOT affirmed. Hafits sought judicial review, and the district court reversed. According to the court, there was insufficient evidence that Hafits was incapable of making a decision regarding the blood test, so a doctor's certification of incapability under Iowa Code section 321J.7 could not provide authority for the blood test.

II. *The Issues.*

Under our implied-consent statute, a driver who operates a motor vehicle under

---

* Carter, J., taking no part.

circumstances giving reasonable grounds to believe the driver is intoxicated is deemed to have consented to a withdrawal and testing of his blood, breath, or urine. Iowa Code § 321J.6. The withdrawal of body substances is to be made at the written request of a peace officer. *Id.* If the driver is not able to consent or refuse, Iowa Code section 321J.7 applies:

A person who is dead, unconscious, or otherwise in a condition rendering the person incapable of consent or refusal is deemed not to have withdrawn the consent provided by section 321J.6, and the test may be given if a licensed physician certifies in advance of the test that the person is dead, unconscious, or otherwise in a condition rendering that person incapable of consent or refusal.

The sole issue in this case is whether the administrative law judge's finding of compliance with this section should be affirmed.

### III.  *Standard of Review.*

Our administrative procedure act (Iowa Code chapter 17A) governs a court's review of a DOT revocation. *Bromeland v. Iowa Dep't of Transp.,* 562 N.W.2d 624, 625 (Iowa 1997). Under Iowa Code section 17A.19(8)(f), a court may reverse the agency action in a contested case if it is "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole...." Hafits relies on this ground in challenging his revocation.

We have considered Iowa Code section 321J.7 and its predecessor statutes in several cases.  However, until now, these cases were limited to criminal prosecutions.  In *State v. Weidner,* 418 N.W.2d 47 (Iowa 1988), a blood test was taken under a doctor's certification that the defendant was incapable of consenting or refusing. The defendant, charged with involuntary manslaughter and OWI, moved to suppress the blood test on the ground the doctor's certification was not supported by the evidence.  The defendant claimed he

was "conscious, alert and oriented at the time." *Weidner,* 418 N.W.2d at 48.  An emergency-room nurse testified she had charted him as "talking to us, drowsy but remained oriented." *Id.*

In *Weidner* the State argued that a doctor's certificate of incapability is "conclusive as to [the State's] entitlement to obtain the blood test and may not be defeated by the presentation of conflicting evidence." *Id.* We rejected that argument and held that the statute requires "the conditions authorizing withdrawal of blood in fact be shown to have existed." *Id.* We said the doctor's certificate was strong evidence of incapability, although not conclusive, and found that overall the district court's finding of incapability was supported by substantial evidence. *Id.* at 48–49.

In later criminal cases, we again looked to the record to determine whether substantial evidence supported the court's finding of incapability.  In *State v. Laughridge,* 437 N.W.2d 570 (Iowa 1989), the defendant moved to suppress the blood test on the basis the doctor's certificate was not supported by the evidence. *Laughridge,* 437 N.W.2d at 571.  We found the court's ruling upholding the test was supported by substantial evidence and observed "[w]e will not second-guess a good-faith medical opinion rendered by a licensed physician faced with a close decision." *Id.* at 572–73.  We cited *Weidner* and its observation that a doctor's certificate is strong evidence of incapability. *Id.* at 572.

In the present case, Hafits presented evidence that he was alert, but the administrative law judge was not required to accept that evidence.  In *State v. Axline,* 450 N.W.2d 857, 860 (Iowa 1990), we observed:

[T]he blood test rulings were sufficiently supported by the record.  The court found that, even though Axline was conscious at the time, he was nevertheless in a condition rendering him incapable of

giving or refusing consent. This is not necessarily inconsistent with Axline's evidence that he was conscious, awake, and responsive to questions. While the evidence relied on by Axline would justify a different conclusion by the trial court, it found otherwise. Under our standard of review, we conclude that the trial court's order denying suppression was supported by substantial evidence and therefore affirm on that issue.

Applying the principles of these cases, we conclude that the DOT's finding of incapability is supported by substantial evidence. We start, of course, with the "strong evidence" presented by the certificate itself. The doctor concluded Hafits was incapable of consenting or refusing and conveyed that opinion to the officer, who then suggested the doctor consider signing a certificate under section 321J.7. Even Hafits' own evidence that he was alert is cast in some doubt by evidence that he did not remember the accident, even though he was burned as a result of it.

Because we believe there was substantial evidence to support the finding of incapability, we reverse the district court's ruling to the contrary and remand for reinstatement of the revocation.

**REVERSED AND REMANDED.**