# IN THE COURT OF APPEALS OF IOWA

No. 14-0024
Filed January 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THEODORE RAY BASCOM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

Theodore Bascom appeals following a guilty plea to operating while intoxicated, asserting plea counsel was ineffective. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas Maybanks, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Theodore Bascom appeals following a guilty plea to operating while intoxicated (OWI). He asserts his plea counsel was ineffective for advising him to plead guilty, which resulted in a waiver to a direct challenge to the district court's denial of his motion to suppress. Given the inadequate record before us, particularly with regard to the order of events, we decline to address Bascom's ineffective-assistance claim on direct appeal. Consequently, we preserve this claim for possible postconviction-relief proceedings, and we affirm his conviction.

On July 5, 2012, at approximately 8:38 a.m., Officer Roger Elder attempted to employ a traffic stop after observing Bascom engage in dangerous stunts on his motorcycle. Bascom sped away from Officer Elder, and following a high-speed chase, the motorcycle crashed. Bascom was taken to the hospital and admitted to the emergency room at approximately 9:15 a.m.

Amy Engelman, M.D., was Bascom's treating physician. Because of the severity of the crash and the fact Bascom was not wearing a helmet, Dr. Engelman determined he was suffering from a closed head injury and concussion. The report she was given by the emergency response personnel indicated Bascom was awake but exhibited confusion, and was not able to keep his eyes open. Dr. Engelman's examination at the hospital confirmed Bascom had a concussion and closed head injury and was under the influence of alcohol. He was able to say his name and indicate his shoulder and chest hurt but was not able—or declined—to respond to any further questions. For example, Bascom did not answer questions regarding the crash, whether Dr. Engelman or officers posed the questions.

Pursuant to Officer Steven Yardly's request, Dr. Engelman signed a form stating she believed Bascom was incapable of consenting to a blood alcohol test pursuant to Iowa Code section 321J.7 (2011). At the suppression hearing, she testified she was not privy to any of the conversations between Officer Yardley and Bascom. She also stated she normally checked on her patients every half hour and therefore, it was possible she had not seen Bascom for twenty or thirty minutes prior to signing the form.

Officer Yardly informed Bascom he was conducting an OWI investigation and read him the implied consent form. He then requested Bascom to consent to a preliminary breath test (PBT). Displaying agitation and using profanity, Bascom refused. At some point, unclear from this record, Officer Yardly received the signed certification from Dr. Engleman, and a blood sample was obtained, which later showed a blood alcohol content of 0.114. Officer Yardly then completed a form indicating a blood specimen had been requested at 10:50 a.m.

On July 19, 2012, Bascom was charged with OWI, second offense, along with other offenses. His first trial counsel filed a motion to suppress the results of the blood test, asserting the State did not comply with the statute, Bascom verbally refused the test, and it was administered two hours after Bascom's entry into the hospital. Following a hearing, the district court denied the motion, and a trial on the minutes was scheduled. Bascom then filed a motion to substitute counsel, and his second trial counsel entered an appearance. Pursuant to the advice of counsel, Bascom pleaded guilty to OWI, second offense, in violation of

Iowa Code section 321J.2(2)(b).[1] Bascom appeals his OWI conviction, arguing his second trial counsel breached an essential duty by advising him to plead guilty, thereby waiving his ability to challenge the denial of his motion to suppress on direct appeal.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim the defendant must prove, first, that counsel breached an essential duty and, second, he was prejudiced by counsel's failure. *Id.* If the defendant's claim lacks prejudice we may dispose of the claim on that ground alone. *Id.* Additionally, we may decide an ineffective-assistance claim on direct appeal if the record is adequate to address the claim otherwise, we may preserve the claim for possible postconviction-relief proceedings. *Id.* To the extent we are addressing the district court's analysis of a statute, we review those claims for correction of errors at law. *State v. Mulhenbruch*, 728 N.W.2d 212, 214 (Iowa 2007).

Bascom first asserts he was not incapacitated such that he could refuse the administration of the test and, in fact, did refuse. Alternatively, Bascom argues Dr. Engelman's certification did not comply with the statutory requirements, and therefore, the district court erred when denying his motion to suppress the results of the test.

Iowa Code section 321J.7 provides:

> A person who is dead, unconscious, *or otherwise in a condition rendering the person incapable of consent or refusal* is deemed to have withdrawn the consent provided by section 321J.6, and the

---

[1] He also pleaded guilty to attempt to elude as an habitual offender, in violation of Iowa Code sections 321.279(1) and 902.8, and driving while suspended, in violation of Iowa Code section 321J.21. However, he only appeals his OWI conviction.

> test may be given if a licensed physician . . . certifies in advance of the test that the person is unconscious *or otherwise in a condition rendering the person incapable of consent or refusal.*

(Emphasis added.)  The certification signed by Dr. Engelman stated: "[P]atient is conscious, but in a condition rendering them unable to give consent."  Bascom takes issue with the fact the form did not state he was incapable of "refusal" and that Dr. Engelman possibly had not seen Bascom for approximately twenty to thirty minutes at the time she signed the form.

We first note that, were we to address the merits of the district court's order on the motion to suppress, we would need to decide if substantial evidence supported its conclusion Bascom was unable to consent or refuse the test.  *See State v. Weidner*, 418 N.W.2d 47, 48–49 (Iowa 1988).  However, the record is not adequate to address Bascom's ineffective-assistance claim on direct appeal.  This is due to the murky record with which we are presented.  It is unclear what the timeframe was when Dr. Engelman signed the certification and when Bascom refused the PBT—that is, whether Dr. Engelman knew of Bascom's refusal, and if so, whether that would have had any effect on whether she signed the certification regarding his incapacitation.  Furthermore, we do not have enough information to address whether plea counsel's performance breached an essential duty, given we have no record as to his communications with Bascom and the decision to plead guilty rather than proceed to trial.[2]  *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a

---

[2] In the plea bargain, the eluding charged was reduced from a "C" felony to a serious misdemeanor.

complete record to be developed and afford trial counsel an opportunity to respond to the claim."). Therefore, Bascom's claim is preserved for possible postconviction-relief proceedings, where a more complete record may be established. *See* S*traw*, 709 N.W.2d at 133.

**AFFIRMED.**