**STATE of Iowa, Appellee,**

v.

**Lisa L. FOX, Appellant.**

No. 91–1848.

Supreme Court of Iowa.

Dec. 23, 1992.

Mark S. Pennington of Kutmus & Pennington, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Douglas R. Marek, Asst. Atty. Gen., Mary E. Richards, County Atty., and Michael J. Houchins, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

SCHULTZ, Justice.

The issues on this appeal arise from the monitoring of a jail inmate's phone call. On March 30, 1991, Lisa L. Fox, an inmate of the Story County Jail, placed a phone call to a friend. The call was monitored by a deputy sheriff. As a result of statements made by Fox during the phone call, the jail staff searched her cell and found a marijuana cigarette. She was charged and convicted of violating Iowa Code section 719.8 (1991), introducing a controlled substance into a detention facility. We affirm.

On appeal, Fox claims that her pretrial motion to suppress evidence gained from her phone call should have been sustained. Fox claims the deputy's action of monitoring her phone call violated her rights under federal and state codes and the Fourth Amendment of the United States Constitution. We examine these claims in turns

■ I. *Federal Code.* Fox argues that the monitoring of her telephone call is illegal under Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. sections 2510–2520. Title III regulates the intentional interception of wire and oral communications. These sections have two purposes; protecting the privacy of wire and oral communications and delineating on a uniform basis circumstances and conditions under which interception of wire and oral communications may be authorized. *Providence Journal Co. v. Federal Bureau of Investigation,* 602 F.2d 1010, 1012 (1st Cir.1979).

Title III is expressly inapplicable to communications intercepted by any device that is operated "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). Consequently, the monitoring of an inmate's conversation in a correctional setting by a law enforcement officer in the ordinary course of his duties does not violate Title III. *United States v. Daniels,* 902 F.2d 1238, 1245 (7th Cir.1990) *cert. denied,* — U.S. ——, 111 S.Ct. 510, 112 L.Ed.2d 522; *United States v. Sababu,* 891 F.2d 1308, 1328–29 (7th Cir.1989); *United States v. Vasta,* 649 F.Supp. 974, 989 (S.D.N.Y.1986).

Under 28 C.F.R. section 540.101, federal institutions are required to provide notice to inmates that their calls are subject to monitoring. A federal institution's failure to give notice of monitoring violates federal law. Fox correctly observes that in each of the cases cited above, the court emphasized that the inmates were provided notice that their calls were monitored. Fox claims she was not given specific notice. However, the Story County Jail is not a federal institution and Fox does not cite any similar state statute or regulation that requires notice be given. Moreover, we believe that notice is simply one factor to be considered in determining whether an officer is acting "in the ordinary course of his duties." In making this determination, we must also assess whether the officer is acting lawfully.

The parties stipulated that it was the policy and procedure at the Story County Sheriff's Office to periodically monitor outgoing phone calls made by inmates in the

jail. Consequently, we conclude that the monitoring was conducted lawfully by an officer in the ordinary course of his duties. We hold that the deputy sheriff did not violate sections 2510–20 when he monitored Fox's phone call.

■ II. *State code.* Fox maintains that the monitoring of her phone call by the deputy sheriff violated Iowa Code section 727.8 (1991). This section makes it a criminal violation for any person "having no right or authority to do so ..." to tap into or connect a listening device to any telephone call. This section does not define those persons who have the right or authority to monitor calls. Fox argues, and we agree, that under Iowa law a person acquires the right or authority to monitor telephone conversations from Iowa Code chapter 808B which regulates the interception of communications.

Section 808B.1 defines the terms used in the chapter and tracks the language contained in 18 U.S.C. §§ 2510–20. Section 808B.1(4)(a) provides that no violation occurs when an electronic, mechanical or other device is "used ... by an investigative or law enforcement officer in the ordinary course of the officer's duties." This exception is applicable here. The deputy sheriff was a law enforcement officer acting in the ordinary course of his duties.

■ III. *Constitutional claim.* Fox asserts that her fourth amendment rights were violated by the monitoring of her phone calls. The Fourth Amendment to the United States Constitution protects a person "against unreasonable searches and seizures...." To invoke this protection, Fox must, at the threshold, establish a legitimate expectation of privacy in the area searched or the subject matter seized. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401 (1978). The State argues that an inmate in a correctional institution has no reasonable expectation of privacy.

The United States Supreme Court considered whether a prisoner has a reasonable expectation of privacy in his or her jail cell in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Court acknowledged that "prisons are not beyond the reach of the Constitution" and that no "iron curtain separates one from the other." *Id.* at 523, 104 S.Ct. at 3198. However, the Court qualified the constitutional rights of prisoners by stating:

> while persons imprisoned for crime enjoy many of protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights.
>
> . . . .
>
> The application of the Fourth Amendment turns on whether "the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate' expectation of privacy that has been invaded by government action."
>
> . . . .
>
> Determining whether an expectation of privacy is "legitimate" or "reasonable" necessarily entails a balancing of interests. The interests here are the interest of society in the security of its penal institutions and the interest of a prisoner in privacy within his cell.

*Id.* at 524–27, 104 S.Ct. at 3199–3200 (quoting *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979)). The Court concluded that a prisoner has no legitimate expectation of privacy in his or her jail cell and the "Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Id.* at 530, 104 S.Ct. at 3202. The Court concluded that requirements of prison security justified this conclusion.

In cases decided after *Hudson,* courts have generally held that the monitoring of prisoner's phone calls does not violate the prisoner's fourth amendment rights. *United States v. Willoughby,* 860 F.2d 15, 20–21 (2d Cir.1988); *United States v. Amen,* 831 F.2d 373 (2d Cir.1987), *cert. denied,* 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988); *United States v. Vasta,* 649 F.Supp. 974 (S.D.N.Y.1986); *United States v. Paul,* 614 F.2d 115 (6th Cir.1980); *United States v. Clark,* 651 F.Supp. 76 (M.D.Pa. 1986). In each of these cases, the courts noted the institutions had a practice of monitoring phone calls as a means of insur-

ing security and that inmates were provided with notice of the monitoring.

When we balance Fox's right of privacy against the interest of society in the security of its jails, we are satisfied that her rights must yield to the dominant interest of a penal institution in maintaining security. The monitoring of a prisoner's telephone conversation is certainly as reasonable as strip and body-cavity searches, *see Bell v. Wolfish,* 441 U.S. 520, 558–60, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447, 481 (1979), or a random cell search, *see Hudson,* 468 U.S. at 530, 104 S.Ct. at 3202, 82 L.Ed.2d at 405. The fact that Fox was not specifically told that her phone calls were monitored does not change our opinion. She was informed in writing that anything that she said while incarcerated could be used against her. We conclude the interests of an institution in maintaining security overcome Fox's right of privacy in her phone calls. We hold her fourth amendment rights were not violated.

IV. *Summary.* In summary, we hold that the trial court did not err when it overruled Fox's motion to suppress evidence. We find no error in Fox's conviction and sentence.

AFFIRMED.