# IN THE COURT OF APPEALS OF IOWA

No. 20-1270
Filed November 3, 2021

**MARCUS DARRELL EUGENE LUTHI,**
 Plaintiff-Appellant,

**vs.**

**CLINT NEIS, in his official and individual capacities, and WAPELLO COUNTY, IOWA,**
 Defendants-Appellees.
_____

 Appeal from the Iowa District Court for Wapello County, Joel D. Yates, Judge.


 Marcus Luthi appeals the district court's grant of summary judgment to defendants. **AFFIRMED**.


 Billy J. Mallory of Brick Gentry, P.C., West Des Moines, for appellant.

 David E. Schrock of Smith Mills Schrock Blades P.C., Cedar Rapids, for appellees.


 Heard by Vaitheswaran, P.J. and Schumacher, J. and Gamble, S.J.*
*Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCHUMACHER, Judge.**

Marcus Luthi appeals from the district court's grant of summary judgment, arguing the court erred in finding he had no right to a private phone call with his attorney before deciding to submit to chemical testing and his conversation was not subject to a reasonable expectation of privacy. We find the district court correctly determined Luthi's conversation was not confidential under Iowa Code section 804.20 (2019) or the Iowa Constitution and was not subject to a reasonable expectation of privacy.[1] Accordingly, we affirm.

**I.      Facts & Prior Proceedings**

On June 10, 2018, Wapello County Sheriff Deputy Clint Neis was dispatched to a single-vehicle motorcycle accident. At the scene, Neis found the driver of the motorcycle, Luthi, lying in the grass off the roadway near his damaged motorcycle.[2] Neis called paramedics and Luthi was taken to the hospital for evaluation.

At the hospital, Neis interviewed Luthi about the accident. Neis recorded his interactions with Luthi using a handheld recording device issued to him by the sheriff's department. Neis asked Luthi if he would be willing to consent to a preliminary breath test (PBT). Although he initially refused the PBT, Luthi subsequently provided a breath test that revealed a blood alcohol level over the

---

[1] Luthi initiated suit on March 1, 2019, against Deputy Neis in his official and individual capacities and Wapello County. We refer to the defendants collectively as Neis.

[2] At the time he was located, Luthi was unconscious. After Luthi regained consciousness, Neis indicated he detected an odor of alcohol on Luthi's breath and discovered a full can of beer in a koozie personalized with Luthi's name a short distance from where Luthi was located.

legal limit. Luthi was taken into custody for suspicion of operating a motor vehicle while intoxicated (OWI) and transported to the law enforcement center for a breath test.

At the law enforcement center, Luthi was placed into an intake/custody room. From the record provided, the cameras and monitoring equipment are visible in the interior of the custody room. The custody room contains conspicuous posts stating, "Phone calls will be recorded and/or monitored." Additional notices posted outside the custody room read, "Premises is Subject to Video and Audio Surveillance." Neis told Luthi he would leave the room so he could speak privately to his attorney and then exited the room. While in the custody room, Luthi spoke with his attorney on his cell phone for approximately twenty-two minutes before Neis re-entered the room with paperwork and a handheld recording device. Luthi informed Neis that his attorney wanted to speak with him. Neis placed his paperwork and recording device on the table, unconcealed, when Luthi handed Neis his cellphone. The handheld device was recording. Neis briefly spoke to Luthi's attorney and returned the phone to Luthi, who continued his conversation with the attorney. Neis exited the room without his paperwork and recording device. The recording device remained on the table near Luthi and continued to record. The device captured Luthi's conversation and the audio output from his phone.[3] Neis re-entered the room after Luthi talked to his attorney another five minutes, informed Luthi he needed to make a decision on testing, and exited the room again after Neis indicated he needed more time. Luthi ended the phone call

---

[3] The recording from the handheld device is not contained in the record on appeal.

with his attorney one minute later. Neis returned to the intake room to provide the informed consent about two minutes after Neis terminated his phone call with his attorney.

On March 1, 2019, Luthi filed suit against Neis individually and as a deputy of the Wapello County sheriff's department and against Wapello County as Neis's employer. Luthi claimed a violation of Iowa Code chapter 808B, invasion of privacy, and governmental subdivision tort liability under Iowa Code chapter 670.[4]

On October 25, Luthi filed a motion for summary judgment. On January 22, 2020, the district court denied the motion and found Luthi had not met his burden in establishing a reasonable expectation of privacy. The defendants subsequently filed their own motion for summary judgment on June 26.[5] Following hearing, the district court issued a written order on October 1, finding Luthi had no right to a private phone call with his attorney and his conversation was not subject to a reasonable expectation of privacy. The court granted summary judgment and dismissed Luthi's claims. Luthi appeals.

III. **Discussion**

On appeal, Luthi challenges the district court's grant of summary judgment and the district court finding that his attorney-client phone call made while in custody and before deciding to submit to chemical testing was not confidential or subject to a reasonable expectation of privacy. Luthi claims genuine issues of

---

[4] The case was briefly removed to federal court before being remanded for lack of jurisdiction due to the absence of a federal question.

[5] The defendants filed a motion for judgment on the pleadings on March 4. The district court denied the motion finding that judgment on the pleadings was not the proper vehicle for disposition of the case.

material facts distinguish his claim from similar cases interpreting the privacy afforded to in-custody phone calls and argues his conversation was subject to a reasonable expectation of privacy because it occurred on his private cell phone while officers were out of the room and was recorded by a handheld device that captured the audio output from his phone, including his attorney's side of the conversation.

In its ruling, the district court found the factual disputes alleged were not material to the arguments of the parties and summary judgment was appropriate. The court concluded that as a matter of law, Luthi's conversation was not confidential or otherwise privileged, as section 804.20 does not afford the right to a private phone call with an attorney and the right to counsel under the Iowa Constitution does not attach to a detainee's decision to submit to chemical testing. Finally, the court found that Luthi had no reasonable expectation of privacy as in-custody phone calls are not intended to be private, and Luthi was on notice that the custody room was subject to monitoring.

### A.    Standard of Review

Summary judgment rulings are reviewed for correction of errors at law. *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019).  "We review rulings interpreting a statutory privilege for correction of errors at law."  *Id.*  "The district court's interpretation of Iowa Code section 804.20 is reviewed for errors at law."  *State v. Walker*, 804 N.W.2d 284, 289 (Iowa 2011). The appropriateness of the district court's decision turns on the correctness of its interpretation of the relevant statutes.  *State v. Meyers*, 938 N.W.2d 205, 208 (Iowa 2020); *State v. Mathias*, 936 N.W.2d 222, 226 (Iowa 2019).

Summary judgment is appropriate when there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). An issue of fact is material when a dispute exists that may affect the outcome of the case, given the applicable governing law. *Fees v. Mut. Fire & Auto. Ins. Co.*, 490 N.W.2d 55, 57 (Iowa 1992). That an issue is genuine "means the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Id.* "Summary judgment is properly granted if the only controversy concerns the legal consequences flowing from undisputed facts." *Diggan v. Cycle Sat, Inc.*, 576 N.W.2d 99, 102 (Iowa 1998). The court views the evidence in the light most favorable to the nonmoving party. *Linn v. State*, 929 N.W.2d 717, 730 (Iowa 2019).

## B. Right to private attorney-client phone call

Iowa Code section 804.20 pertains to "communications by arrested persons" and states:

> Any peace officer or other person having custody of any person arrested or restrained of the person's liberty for any reason whatever, shall permit that person, without unnecessary delay after arrival at the place of detention, to call, consult, and see a member of the person's family or an attorney of the person's choice, or both. Such person shall be permitted to make a reasonable number of telephone calls as may be required to secure an attorney. *If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained.* If such person is intoxicated, or a person under 18 years of age, the call may be made by the person having custody. An attorney shall be permitted to see and consult confidentially with such person alone and in private at the jail or other place of custody without reasonable delay. A violation of this section shall constitute a simple misdemeanor.

(Emphasis added).

Section 804.20 affords a detainee the right to call an attorney before deciding whether to submit to chemical testing. *State v. Tubbs*, 690 N.W.2d 911, 914 (Iowa 2005); *State v. Vietor*, 261 N.W.2d 828, 831 (Iowa 1978). However, the language of the statute qualifies this right and instructs that "[i]f a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained." Iowa Code § 804.20.

The case law interpreting section 804.20 makes clear that section 804.20 does not afford the right to a confidential and private phone call with an attorney. The Iowa Supreme Court first construed the right to an attorney phone call under section 804.20 in *State v. Craney* and explained,

> [T]he telephone calls which section 804.20 assures to persons in custody are not intended to be confidential as is shown by the provision that they are to be made in the presence of the custodian. They are for the purpose of enabling the person to arrange for a legal consultation and assistance.

347 N.W.2d 668, 678–79 (Iowa 1984).

In *Walker*, our supreme court distinguished the scope of the right to an attorney phone call and an in-person attorney visit under section 804.20. 804 N.W.2d at 291. The court found that section 804.20 only affords a private, confidential attorney-client meeting to in-person visits and reiterated "the telephone calls which section 804.20 assures to persons in custody are not intended to be confidential . . . ." *Id.* (quoting *State v. Craney*, 347 N.W.2d 668, 678–79 (Iowa 1984)). As the court noted, it is for this reason "attorneys who consult by telephone with persons arrested for OWI typically tell their client to answer only 'yes' or 'no' to the attorney's questions." *Walker*, 804 N.W.2d at 291. The court again revisited section 804.20 in *State v. Hellstern* and stated that

section 804.20, "by its terms, affords no privacy to a person in custody during a phone call to their attorney." 856 N.W.2d 355, 361–62 (Iowa 2014).

Finally, and most recently, in *State v. Sewell*, the court reaffirmed that section 804.20 does not guarantee the right to a private phone consultation with an attorney stating, "Iowa law does not provide such a right because the statute provides that if a call to counsel is made, 'it shall be made in the presence of the person having custody of the one arrested or restrained.'" 960 N.W.2d 640, 641 (Iowa 2021) (quoting Iowa Code § 804.20 ).

Additionally, Luthi's conversation with his attorney was not otherwise confidential or subject to attorney-client privilege. The Iowa Constitution does not provide a detainee the right to consult privately with an attorney before deciding whether to consent to chemical testing.[6] *See id.* at 645—46 (adopting the plurality of the court's opinion in *State v. Senn*, 882 N.W.2d 1, 31 (Iowa 2016) that the right to counsel under article I, section 10 of the Iowa Constitution does not attach to implied consent procedures and a detainee's decision to submit to chemical testing).

Therefore we agree with the district court that neither section 804.20 nor the Iowa Constitution afforded Luthi the right to a private and confidential phone conversation with his attorney before deciding whether to submit to chemical testing.

---

[6] Luthi does not claim any violation arising under the fifth and sixth amendments of the United States Constitution. Appellees removed the case to federal court asserting Luthi's claims involving invasion of privacy and the right to counsel implicated federal question jurisdiction. In his motion to remand, Luthi specified all his claims were limited to State law.

## C.     Reasonable expectation of privacy

Luthi alleged a violation of Iowa Code chapter 808B and claimed an invasion of privacy.  "Section 808B.8 authorizes the victims of intercepted communications to bring 'a civil cause of action against any person who intercepts, discloses, or uses' an unlawfully intercepted oral communication."  *Papillon v. Jones*, 892 N.W.2d 763, 770 (Iowa 2017) (quoting Iowa Code § 808B.8).  Iowa Code chapter 808B is "intended to protect reasonable expectations of privacy in oral communications."  *Id.*  In order to establish a reasonable expectation of privacy, a plaintiff (1) must have exhibited a subjective expectation of privacy, and (2) that expectation must be one that society is prepared to recognize as reasonable.  *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 261 (Iowa 2009).  To establish a tort claim for invasion of privacy a similar showing of a reasonable expectation of privacy is required.  *See Koeppel v. Speirs*, 808 N.W.2d 177, 181 (Iowa 2011) (explaining the first element of an invasion of privacy claim "requires an intentional intrusion into a matter the plaintiff has a right to expect privacy").

Luthi argues his conversation was subject to a reasonable expectation of privacy because it occurred on his private cell phone while officers were out of the room and was recorded by a handheld device that captured the audio output from his phone, including his attorney's side of the conversation.  The district court was not convinced these facts created a reasonable expectation of privacy.  We agree.

The alleged distinguishing facts here do not implicate or intrude on any greater expectation of privacy than what is reasonably expected while in custody.  Multiple officers and jailers entered and exited the room throughout Luthi's

conversation, and Luthi continued speaking with his attorney. It is unreasonable to expect privacy in a conversation when a third party is present. *See Craney*, 347 N.W.2d at 678–79 (finding statements made by defendant to his attorney on the phone while in custody were not privileged because an officer was present).

Further, Luthi was on notice that his conversations in the custody room were not private and were subject to monitoring. As we previously noted, cameras and monitoring equipment are clearly visible in the interior of the custody room. The custody room is posted with multiple conspicuous notices stating, "Phone calls will be recorded and/or monitored." Additional notices are posted outside the custody room stating, "Premises is Subject to Video and Audio Surveillance."

Finally, the handheld device at issue only recorded that which was audible in the custody room.[7] The device which recorded Luthi's conversation is a standard handheld recording device with no greater capacity than what is commercially available to the public. The video monitoring equipment installed in the room also faintly captured the audio from Luthi's phone. The handheld device furnished no greater intrusion of privacy than what Luthi was on notice for and what is expected while in custody.

We find that Luthi did not have a reasonable expectation of privacy in his conversations while in the custody room. *See State v. Fox*, 493 N.W.2d 829,

---

[7] In *Sewell*, our supreme court cautioned that it was not deciding whether section 804.20 permits law enforcement to monitor both ends of an attorney-client phone call made on a jailhouse phone. 960 N.W.2d at 646. In the present case, both ends of the conversation between Luthi and his attorney were recorded by the handheld device. However, this was not a result of the device monitoring both ends of the call. The call was placed on Luthi's personal cell phone, and it appears Luthi enabled the volume to such a level as to be audible and recorded by the device.

831–32 (Iowa 1992) (finding inmate's legitimate privacy interest in phone call placed while in custody not sufficient to establish a violation of the Fourth Amendment despite inmate not being aware phone calls were monitored).

## IV. Conclusion

We find no error in the district court's grant of summary judgment. We agree that Luthi had no reasonable expectation of privacy in his phone call while in the custody room. Section 804.20 does not afford the right to a confidential attorney phone call. The right to counsel does not attach to implied consent procedures. Luthi was on notice the custody room was subject to audio and video monitoring. The handheld recording device did not intrude on any greater privacy interest than what is expected while in custody. Therefore, we affirm.

**AFFIRMED.**

Vaitheswaran, P.J., specially concurs; Gamble, S.J., specially concurs.

**VAITHESWARAN, Judge** (concurring specially).

I specially concur. The deputy placed a recording device next to Luthi and near the cell phone Luthi used to speak to his attorney. The deputy told Luthi he would leave the room so Luthi could speak privately to his attorney. The district court stated whether Neis intentionally left the recording device on the desk was immaterial to the analysis.

In *State v. Lamoreux*, 875 N.W.2d 172, 176–81 (Iowa 2016), the supreme court found no violation of Iowa Code section 804.20 (2013) "through the presence of an active audio and video system in the room where [the defendant] met to consult with his attorney when neither he nor the attorney requested the system be turned off or asked for a different room." The supreme court left open the possibility that a surreptitious recording would alter the analysis. *Lamoreux*, 875 N.W.2d at 180–81. In my view, this case raises a genuine issue of material fact as to whether the recording was made surreptitiously. As Luthi suggests, a surreptitious recording could affect the expectation-of-privacy analysis in conjunction with Neis' representation that the phone conversation would be private.

That said, *Lamoreux* was a case involving an in-person meeting between the defendant and his attorney. *See id.* at 174–75. Recently, the supreme court drew a line in the sand between personal jail visits with an attorney and jail phone calls to an attorney. *See State v. Sewell*, 960 N.W.2d 640, 645 (Iowa 2021). The court stated "thirty-seven years' worth of stare decisis cut against [the defendant's] interpretation of section 804.20" as affording the defendant a right to a private phone call. *Id.* The court left only one open question—what to do about recordings

of both sides of a phone conversation. *Id.* That question cannot be answered here because, although the video and audio in the room picked up bits and pieces of the conversation with the attorney, the actual recording is missing. On this record, I agree Luthi failed to generate an issue of material fact concerning his expectation of privacy.

**GAMBLE, Senior Judge** (concurring specially).

Marcus Luthi brought this civil action against Deputy Clint Neis under Iowa Code chapter 808B (2019). So while cases discussing Iowa Code section 804.20 are instructive, they are not dispositive. Instead, this case falls under the privacy standards of chapter 808B.

In this chapter 808B action, we must first ask whether the deputy intercepted an "oral communication" protected by chapter 808B. For purposes of chapter 808B, oral communication is "an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception, under circumstances justifying that expectation." Iowa Code § 808B.1(8). To determine whether Luthi's phone call with his attorney amounts to oral communication under chapter 808B, Luthi "must have exhibited a subjective expectation of privacy and that expectation must be one that society is prepared to recognize as reasonable." *See Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 261 (Iowa 2009).

The majority is correct that section 804.20 does not afford the right to a confidential and private phone call with an attorney. This is true for three reasons. First, section 804.20 specifically provides, "If a call is made, it shall be made in the presence of the person having custody of the one arrested or restrained." Iowa Code § 804.20; *see State v. Craney*, 347 N.W.2d 668, 678–79 (Iowa 1984) (holding telephone calls under section 804.20 are not intended to be confidential because they are intended to be made in the presence of the custodian). Second, calls under section 804.20 "are for the purpose of enabling the person to arrange for legal consultation and assistance." Iowa Code § 804.20. Third, section 804.20

also expressly provides, "an attorney shall be permitted to see and consult confidentially with such person alone and in private at the jail or other place of custody." Iowa Code § 804.20; *see State v. Sewell*, 960 N.W.2d 640, 645 (Iowa 2021) ("By contrast, . . . the statute expressly provides a right to a confidential consultation between an attorney and client at the jail to be conducted alone and in private." (citation and internal quotations omitted)); *State v. Hellstern*, 856 N.W.2d 355, 361 (Iowa 2014) (same); *State v. Walker*, 804 N.W.2d 284, 291 (Iowa 2011) ("The statute expressly provides for greater privacy when the attorney personally visits his client at the police station or other place of custody.").

But section 804.20 does not preclude Luthi's reasonable expectation of privacy in this civil action under chapter 808B—because Deputy Neis did not follow the procedure proscribed in section 804.20. Rather than requiring the call to be made in his presence, Neis repeatedly stepped out of the booking room to let Luthi "speak with [his] attorney in private." And instead of allowing Luthi only a reasonable phone call to enable him to arrange for legal consultation as provided by section 804.20, Neis allowed Luthi to consult with his attorney on his personal cell phone for half an hour. Deputy Neis allowed Luthi to speak with his attorney on his personal cell phone rather than the booking room phone that could be monitored and recorded. And while Neis's recording is not contained in the summary judgment record, it is undisputed that it picked up the actual details of the conversation. The attorney's side of the call is largely unintelligible on the jail's surveillance video. It is an open question whether section 804.20 permits monitoring both ends of the call. *Sewell*, 960 N.W.2d 645. Finally, even though the booking room was posted with signs giving notice of surveillance, monitoring,

and recording, the record would support a finding that Neis led Luthi to believe he could consult with his attorney privately on his personal cell phone even though section 804.20 only allows an attorney to "see" the client "alone and in private at the jail." Iowa Code § 804.20.

Under the circumstances of this case, I believe the section 804.20 cases cited by the majority are distinguishable. *See Sewell*, 960 N.W.2d at 642 (noting the deputy denied Sewell's request to call on his private cell phone and required him to call on the jail landline that recorded both sides of the call); *State v. Hellstern*, 856 N.W.2d 355 359 (Iowa 2014) (noting the officer remained in the room during the person's phone call with the attorney typing on a computer and perhaps taking notes and only leaving the room for about forty-five seconds); *Walker*, 804 N.W.2d at 291 ("[A]ttorneys who consult by telephone with persons arrested for OWI typically tell their client to answer only 'yes' or 'no' the attorney's questions."); *Craney*, 347 N.W.2d at 679 (noting the admission by the defendant in a phone call to his attorney was made in the presence of a police officer). In my view, these distinguishing facts are material and create genuine issue of fact whether Neis intruded on a greater privacy interest than would normally be expected during a suspect's call to an attorney.

I think we must turn our lens away from section 804.20 and properly refocus it on chapter 808B. Taking into consideration the privacy standard outlined in *Iowa Beta Chapter*, 763 N.W.2d at 261, I believe the actions of Deputy Neis created a genuine issue of material fact as to whether Luthi had a subjective expectation that his extended consultation with his attorney on his personal cell phone outside the presence of the deputy was private and confidential. *See* Iowa Code § 808B.1(8).

Viewing the record in a light most favorable to Luthi, I believe the question of whether his expectation is one that society is prepared to recognize as reasonable under chapter 808B should be answered after a trial. *See Iowa Beta Chapter*, 763 N.W.2d at 261.

Next, we must determine if there is a fact question as to whether Deputy Neis willfully intercepted Luthi's oral communication with his attorney. Under section 808B.2 "willfully" means "purposeful conduct without a bad motive or a knowing unlawful component." *Papillon v. Jones*, 892 N.W.2d 763, 722 (Iowa 2017) (citation omitted). I agree with Judge Vaitheswaran that "this case raises a genuine issue of material fact as to whether the recording was made surreptitiously." In my view, there is a genuine issue of material fact as to whether Deputy Neis willfully or purposefully intercepted an oral communication when he left his hand-held recorder on the desk within earshot of Luthi's personal cell phone call with his attorney. *Cf. State v. Lamoreau*, 875 N.W.2d 172, 180 (Iowa 2016) ("Importantly, this case does not involve surreptitious recording of attorney-client conversations.")

For these reasons, I disagree with the majority's analysis.

However, I concur in the result because Luthi failed to generate a genuine issue of material fact on one essential element under section 808B.8(1). "To be civilly liable under the Iowa statute a person must use the intercepted oral communication." *Iowa Beta Chapter*, 763 N.W.2d at 264. "We believe mere listening to the intercepted communication is not a use under the Iowa statute. Rather, a person must actively use the intercepted communication for civil liability to attach." *Id.* at 265.

Deputy Neis admits he listened to the recording of Luthi's conversation with his attorney while he prepared his report. However, Neis stated in his affidavit and his suppression hearing testimony that he did not use anything from the audio of the conversation between Luthi and his attorney in any report or other documentation. Moreover, it was not used in any manner in the criminal prosecution and was not introduced into evidence. And Luthi failed to dispute Neis's affidavit or testimony. *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of the events." (citation and internal quotations omitted)). Therefore, there is no genuine issue of material fact whether Neis actively used the recording beyond merely listening to it. Accordingly, I concur with the result of this appeal affirming summary judgment.